**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

| | |
|---|---|
| CYNTHIA CASTANEDA, individually and on behalf of all others similarly situated,<br><br>                    Plaintiff,<br><br>v.<br><br>ARDAGH GLASS, INC.,<br><br>                    Defendant. | Case No. 1:23-cv-02214-MPB-TAB |

**ORDER GRANTING FINAL APPROVAL OF
CLASS ACTION SETTLEMENT**

Plaintiffs move the Court for final approval of the parties' settlement, resolving their claims on a classwide basis. The Court previously granted preliminary approval to the settlement agreement ("Agreement"). Subsequently, notice was issued to the Settlement Class, and the deadlines to opt out or object to the Agreement have now passed. Plaintiffs have moved the Court to grant final approval to the Agreement under Federal Rule of Civil Procedure 23(e). Defendants do not oppose the motion.

ACCORDINGLY, IT IS HEREBY ORDERED:

    1.    Terms capitalized herein and not otherwise defined shall have the meanings ascribed to them in the Agreement. Doc. 48-2.

    2.    This Court has jurisdiction over the subject matter of this lawsuit and jurisdiction over the Plaintiffs and Defendant in the above-captioned case (the "Parties").

    3.    The Court finds that the proposed Settlement Class, defined as follows, meets the requirements for certification for purposes of entry of judgment:

>All individuals who received notice from Ardagh that their information may have been compromised as a result of the April 2021 ransomware attack on Ardagh.

4. Specifically, the Court finds that the requirements of Rule 23(a) and 23(b)(3) are met:

>a. The class is so numerous that joinder of all members is impracticable, as there are thousands of Class Members;
>
>b. There are questions of law or fact common to the class based upon the claims raised in the lawsuit relating to Defendant's alleged Data Breach that predominate over questions affecting only individual members, such as whether defendant breached any duty in failing to protect Class Members' data from unauthorized access;
>
>c. The claims of the Class Representatives are typical of the claims of the Settlement Class as they arise from the Data Breach;
>
>d. The Class Representatives and Class Counsel will fairly and adequately protect the interests of the Settlement Class as the Class Representatives have no interests antagonistic to the Settlement Class and Class Counsel are experienced in complex class action litigation; and
>
>e. Questions of law or fact common to the Class Members predominate over any questions affecting only individual members and a class action is superior to other available methods for fairly and efficiently adjudicating this lawsuit, as the same issues relating to duty and breach in relation to the Data Breach are substantially the same for all Class Members.

5. The Court therefore certifies the Settlement Class, appoints Plaintiffs as the Class Representatives, and appoints Lynn A. Toops of Cohen & Malad, LLP, J. Gerard Stranch, IV of Stranch, Jennings & Garvey, PLLC, and Sam Strauss and Raina Borrelli of Strauss Borrelli PLLC as Class Counsel.

6. The Court finds that notice of the proposed Agreement was provided to the Settlement Class and that the notice met the requirements of Rule 23 and Due Process.

7. The Court finds that the terms of the Agreement represent a fair, reasonable, and adequate compromise under the circumstances of this case. Specifically, the Court finds that:

    (A) the Class Representatives and Class Counsel have adequately represented the Settlement Class;
    (B) the Agreement was negotiated at arm's length;
    (C) the relief provided for the Settlement Class appears adequate, taking into account:
        (i) the costs, risks, and delay of trial and appeal;
        (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing Class Member claims;
        (iii) the terms of any proposed award of attorney's fees, including timing of payment; and
        (iv) any agreement required to be identified under Rule 23(e)(3) (the Parties have identified none); and
    (D) the Agreement treats Class Members equitably relative to each other.

8. The Court therefore grants final approval of the Agreement and directs the Parties to the Agreement to perform and satisfy the terms and conditions that are triggered by such final approval.

9. Once the Agreement is made effective, the Class Representatives and the Class Members, and their respective past, present, and future heirs, beneficiaries, conservators, executors, estates, administrators, assigns, agents, accountants, financial and other advisors, and any other representatives of any of these persons and entities ("Releasing Parties"), release and forever discharge defendant, and all of its respective past, present, and future employees, officers, directors, affiliates, agents, vendors, attorneys, insurers, successors, parent companies, subsidiaries, and shareholders (the "Releasees") from all known and unknown claims, demands, damages, causes of action or suits seeking damages, or other legal or equitable relief arising out of or in any way related to the Data Incident, including the claims asserted or which could have been asserted in the litigation ("Released Claims").

10. Once the Agreement is made effective: (a) the Agreement shall be the exclusive remedy for any and all Released Claims of the Releasing Parties; and (b) the Releasing Parties shall be permanently barred and enjoined from initiating, asserting, or prosecuting any Released

Claim against the Releasees, whether on behalf of Class Representatives, any Class Member, or others, in any jurisdiction.

11. This Order is a final judgment because it disposes of all claims against all Parties to this lawsuit.

**THERE BEING NO JUST REASON FOR DELAY, LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: November 25, 2024

_____
Matthew P. Brookman, Judge
United States District Court
Southern District of Indiana

Served electronically on all ECF-registered counsel of record.